**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

SAMMY JOHN ARCE, SR.,

      Petitioner - Appellant,

vs.

JOHN SHANKS, Warden; ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

      Respondents - Appellees.

No. 96-2262
(D.C. No. CIV-95-788)
(D.N.M.)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and KELLY, Circuit Judges.[**]

---

Mr. Arce, an inmate appearing pro-se, appeals from the denial of his habeas corpus petition, 28 U.S.C. § 2254. The district court, upon recommendation of the magistrate judge, rejected Mr. Arce's collateral attack on his state conviction. Mr. Arce contends that he was denied due process because (a) he was not permitted to collaterally attack a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

prior conviction used to enhance his sentence for cocaine trafficking, and (b) the evidence is insufficient. He also contends that he received ineffective assistance of counsel based upon inadequate impeachment of an informant's credibility and a failure to present videotape surveillance.

The district court denied Mr. Arce leave to proceed on appeal in forma pauperis based upon a finding "that this appeal is not well-taken." I R. doc. 21. It also denied him a certificate of appealability. 28 U.S.C. § 2253(c). Mr. Arce has renewed both requests. Because the recent mandatory filing fee requirements enacted by the Prison Litigation Reform Act do not apply to habeas petitions, United States v. Simmonds, 111 F.3d 737, 743-44 (10th Cir. 1997), the standard for granting leave to proceed in forma pauperis on appeal is whether a petitioner has demonstrated a financial inability to pay the fee and whether he has made a reasoned argument on the law and the facts is support of the issues raised on appeal. McIntosh v. United States Parole Comm'n, No. 96-1221, 1997 WL 321272, at *4 (10th Cir. June 13, 1997). For a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997), which means a demonstration that the issues are debatable among jurists of reason, a court could resolve the issues differently, or the questions presented are deserving of further proceedings. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983).

We have carefully considered Mr. Arce's claims, but in light of the record, we reject them substantially for the reasons contained in the Magistate Judge's Proposed Findings and Recommended Disposition.  See I R. doc. 15.  Mr. Arce's request for appointment of counsel contained in his opening brief is DENIED; his Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees is GRANTED; his Application for a Certificate of Appealability is DENIED; and the appeal is DISMISSED.

IT IS SO ORDERED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge